JIMMIE BEAUCHAMP v. THE STATE.

No. 13115. Delivered March 12, 1930.
Reported in 27 S. W. (2d) 177.

12

The opinion states the case.

*Cunningham & Lipscomb* of Bonham, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, Judge.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

A deputy sheriff who was looking for appellant to arrest him upon a felony charge, the warrant for arrest being in the possession of the sheriff who was also looking for appellant,—observed the latter moving from place to place in the town, and knowing that the sheriff had such warrant, he went to appellant and arrested him. Appellant requested permission to go down the street a little ways, and, accompanied by the officer, went to his car and took from his pocket a bottle of whisky which he put in the car. The officer at once reached into the car and got said bottle of whisky, took it to the sheriff's office where it was kept until the time of this trial, produced it and identified it in open court. The conviction appears to be for transportation of this whisky.

Bill of exception No. 1 presents objection to testimony, in effect, that after appellant was arrested by the officer, the latter was permitted to testify that appellant said he wanted to see a man down the street, and that the officer went with appellant down south Main Street, this occurring while appellant was under arrest. This bill is qualified by the trial judge who says that this testimony was res

gestae of a crime committed by the accused while under arrest. This qualification was accepted by appellant, and apparently must control us in our action upon the bill.

Bill of exception No. 2 as qualified by the trial court shows that in a few moments after his arrest for another matter, appellant took out of his pocket a bottle of whisky which he placed in his car,— said bill presenting objection to the testimony of the officer as to these facts. We are at a loss to know upon what theory we could uphold the objection that the testimony was irrelevant and immaterial and related to a transaction occurring while appellant was under arrest. The conduct related to no criminal transaction or offense for which the accused was under arrest or of which he was suspected. He was at that time engaged in the illegal transportation of intoxicating liquor, even though this fact was unknown to the officer who had him under arrest for another offense. Appellant's movements certainly were res gestae of the crime charged which involved his movements just prior to and just after his arrest, during which time he was in possession of the contraband liquor. Bill of exception No. 3 as qualified presents no error.

Bill No. 4 sets up objection to the testimony of the officer to the effect that he found the bottle of whisky in appellant's car, he having no search warrant to search said car, or probable cause for such search. We can not uphold any such contention. The officer saw appellant take the bottle of whisky from his pocket and put it in the car, and certainly this would furnish him probable cause for reaching into the car and getting same, if indeed this comprehended a search.

Bills of exception Nos. 5 and 6 complain of argument of the prosecuting officer. Each bill is qualified by the statement that such argument was in reply to what was said by appellant's attorney in his prior argument to the jury.

Another bill complains of misconduct of the jury, viz.: that they discussed appellant's failure to testify. The only showing made in this regard by appellant appears in an affidavit of juror Walker attached to appellant's motion for new trial. The State controverted the application, appending to its controversy the affidavits of nine jurors who say that they heard neither mention nor discussion of appellant's failure to testify. The State also attached the affidavit of a tenth juror who says that the only mention of the matter was between himself and the juror Walker, whose affidavit was relied on by appellant. He says they were sitting in a window apart from

the others when the subject was mentioned by Walker. That no discussion of the matter further appears. Walker was himself the last juror to agree to a verdict of guilty. We do not believe the trial judge abused his discretion in declining to set aside the verdict of the jury upon such slight showing.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*